NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: CREEKVIEW IP LLC,**
*Petitioner*

---

2023-108

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in Nos. 1:22-cv-00426-CFC and 1:22-cv-00427-CFC, Chief Judge Colm F. Connolly.

---

**ON PETITION**

---

Before DYK, BRYSON, and PROST, *Circuit Judges*.

PER CURIAM.

## O R D E R

Creekview IP LLC filed these suits in the United States District Court for the District of Delaware. On September 12, 2022, the district court ordered Creekview's managing member to attend a hearing to determine whether Creekview complied with the court's standing orders concerning (1) disclosure of owners, members, and partners of nongovernmental entities that are parties before the court and (2) disclosure of certain third-party funding arrangements in litigation before the court. Creekview petitions

this court for a writ of mandamus that would direct the district court to cancel the hearing and end its "judicial inquisition." Pet. at 5.

"As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue": the petitioner must show (1) there is "no other adequate means to attain the relief he desires," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). That standard has not been met.

Creekview argues that the district court clearly overstepped its authority when it entered the standing orders. But a direct challenge to those orders at this juncture is premature, as Creekview has not been found to violate those orders, and it will have alternative adequate means to raise such challenges if, and when, such violations are found to occur.

Creekview further argues that it has an indisputable right to terminate the district court's inquiry because both cases have been dismissed under Federal Rule of Civil Procedure 41(a). On September 28, 2022, the parties in *Creekview IP LLC v. Skullcandy Inc.*, No. 1:22-cv-00427 (D. Del.) filed a joint stipulation to dismiss. On October 6, 2022, Creekview filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) in *Creekview IP LLC v. Jabra Corp.*, No. 1:22-cv-00426 (D. Del.). Creekview subsequently filed a motion to stay both cases pending the disposition of a petition for a writ of mandamus in *In re Nimitz*, No. 2023-103 (Fed. Cir.), another case challenging the district court's standing orders. The district court granted the motion, staying the litigation pending the termination of the Federal Circuit's stay in the *Nimitz* case, and canceled the evidentiary hearing that had been ordered for December 6, 2022. Meanwhile, this court denied the *Nimitz* petition,

noting that a challenge to the standing orders was premature, and the district court has taken no further action in these cases since that time.

Here, as in *Nimitz*, the petition is premature. Given that the district court has taken no further action in these cases since its September 12 order, other than to grant Creekview's motion for a stay, the court has not addressed Creekview's argument that in light of the notice of voluntary dismissal and stipulation of dismissal the court may not conduct the proposed inquiry into the accuracy of Creekview's corporate disclosure statements and compliance with the court's standing order on third-party litigation funding. Creekview's contention that the district court may not continue its inquiry following the dismissals and that mandamus should be granted on that ground is therefore premature.

Notably, there is no absolute prohibition on a district court's addressing collateral issues following a dismissal. Rather, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). *See also* Fed. R. Civ. P. 83(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (a district court has authority to regulate practice before it). Creekview has not shown that the court has taken any action in this case that is so far outside its authority to warrant the extraordinary remedy of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

January 4, 2023
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court